IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| STUART RINEHART,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW J. SALLE, UTICA PROPERTIES, LLC, AJS HOLDINGS, LLC, BANK OF FARMINGTON, BANK OF YATES CITY, MIDAMERICA NATIONAL BANK, DAVID J. KEMPEN, DAVID A. RYAN, and RICHARD J. RYAN,<br><br>　　　　Defendants. | Case No. 3:23-cv-00003<br><br>**COMPLAINT** |

Plaintiff Stuart Rinehart files this complaint against Defendants Andrew J. Salle, Utica Properties, LLC, and AJS Holdings, LLC, seeking to foreclose on two mortgages and recover on the two accompanying promissory notes and personal guarantees. The first mortgage is on property owned by Utica, accompanied by a promissory note in the principal amount of $350,000, with Salle serving as personal guarantor. The second mortgage is on property owned by AJS, accompanied by a promissory note in the principal amount of $350,000, with Salle serving as personal guarantor.

In support of this complaint, Rinehart alleges as follows:

**I. THE PARTIES**

1.　　Stuart Rinehart is an individual residing in Pearl City, Hawaii, and is a citizen of the State of Hawaii.

2.　　Andrew J. Salle, is an individual who, upon information and belief, is a citizen of the State of Iowa.

3.　　Utica Properties, LLC, is an Iowa limited liability company with its principal place of business in Davenport, Iowa.

4. AJS Holdings, LLC, is an Iowa limited liability company with its principal place of business in Davenport, Iowa.

5. Bank of Farmington, upon information and belief, is an Illinois bank with its principal place of business in Farmington, Illinois, which may have an interest in mortgaged property owned by Utica.

6. Bank of Yates City, upon information and belief, is an Illinois bank with its principal place of business in Yates City, Illinois, which may have an interest in mortgaged property owned by AJS.

7. MidAmerica National Bank, upon information and belief, is an Illinois bank with its principal place of business in Canton, Illinois, which may have an interest in mortgaged property owned by AJS.

8. David J. Kempen, upon information and belief, is an individual residing in Bettendorf, Iowa, and is a citizen of the State of Iowa, who may have an interest in mortgaged property owned by AJS.

9. David A. Ryan, upon information and belief, is an individual residing in Bettendorf, Iowa, and is a citizen of the State of Iowa, who may have an interest in mortgaged property owned by AJS.

10. Richard J. Ryan, upon information and belief, is an individual residing in Bettendorf, Iowa, and is a citizen of the State of Iowa, who may have an interest in mortgaged property owned by AJS.

## II. JURISDICTION & VENUE

11. The Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of

3

interest and costs," and this suit is between "citizens of different States." 28 U.S.C. § 1331(a)(1). Rinehart is a citizen of Hawaii, and each of the defendants are citizens of Iowa or Illinois.

12. This Court is the proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action, is situated in this judicial district. Venue is also proper by consent of defendants Salle, Utica, and AJS to "personal jurisdiction and proper venue in any court in Scott County, Iowa." (Exhibit 1, Affidavit of Andrew J. Salle ¶ 18); *see also* Iowa Code § 654.3 ("An action for the foreclosure of a mortgage of real property, or for the sale thereof under an encumbrance or charge thereon, shall be brought in the county in which the property to be affected, or some part thereof, is situated.").

### III. FACTUAL BACKGROUND

13. Salle is the manager of both Utica and AJS.

14. On June 17, 2021, Salle executed a promissory note on behalf of Utica ("Utica Note") in favor of Rinehart in the amount of $350,000.00 plus interest. Salle executed the Utica Note both in his capacity as manager and as the personal guarantor of the Utica Note. (Exhibit 1-A).

15. The Utica Note is secured by a mortgage recorded on June 23, 2021, with the Recorder of Deeds for Scott County, Iowa, as File 2021-00021497 ("Utica Mortgage") on real property owned by Utica and described as Lots 1 and 2, Final Plat for Utica Hills Point Second Addition to the City of Bettendorf, Scott County, Iowa. (Exhibit 1-B). Upon information and belief, Bank of Farmington holds an interest in the property subject to the Utica Mortgage.

16. On July 16, 2021, Salle executed a promissory note on behalf of AJS ("AJS Note") in favor of Rinehart in the amount of $350,000.00 plus interest. Salle executed the AJS Note in his capacity as manager and as the personal guarantor of the AJS Note. (Exhibit 1-C).

17. The AJS Note is secured by a mortgage recorded on August 4, 2021, with the Recorder of Deeds for Scott County, Iowa, as File 2021-00026835 ("AJS Mortgage") on real property owned by AJS described as Lot 1 in Bullish Partner's First Addition to the City of Davenport, Iowa. (Exhibit 1-D).

18. On September 28, 2022, Rinehart served a notice of default on Utica and Salle ("First Utica Default"). The Utica Default gave notice that Utica is in default under the terms of the Utica Note and Utica Mortgage and gave notice that Rinehart exercised his option to declare the principal sum of the Utica Note, together with all charges and interest in the total amount of $371,000.00, immediately due and payable. (Exhibit 1-E).

19. On September 28, 2022, Rinehart served a notice of default on Salle and AJS ("AJS Default"). The AJS Default gave notice that AJS is in default under the terms of the AJS Note and AJS Mortgage and gave notice that Rinehart exercised his option to declare the principal sum of the AJS Note, together with all charges and interest in the total amount of $377,000.00, immediately due and payable. (Exhibit 1-F).

20. On November 1, 2022, Salle executed an affidavit in his personal capacity and as manager for Utica and AJS. (Exhibit 1).

21. In Salle's affidavit, he acknowledged receipt of the Utica Default and the AJS Default in his capacity as manager of each entity, and as personal guarantor on the Utica Note and the AJS Note.

22. In his affidavit, Salle expressly attested: "I do not dispute, and hereby acknowledge and admit, the accuracy of the Utica Default and the AJS Default and do not dispute the amounts due as stated in each. I do not dispute, and hereby acknowledge and admit, that I am personally liable for the amounts identified in the Utica Default and the AJS Default as the personal guarantor of both the Utica Note and the AJS Note." (Exhibit 1 ¶ 8).

23. Pursuant to the affidavit, Salle agreed to repayment terms under both the Utica Note and the AJS Note. Specifically, Salle attested:

> 10. The interest rate under the Utica Note is 24 percent. The interest rate under the AJS Note is 30 percent. I acknowledge and admit by agreement with Rinehart that the monthly interest payment for each note is $15,750.00.
>
> 11. Utica will make the following monthly interest payments due under the Utica Note and Utica Default: (1) $15,750.00 due immediately upon execution of this affidavit; (2) $15,750.00 due on November 15, 2022; and (3) $15,750.00 due on December 15, 2022.
>
> 12. AJS will make the following monthly interest payments due under the AJS Note and AJS Default: (1) $15,750.00 due immediately upon execution of this affidavit; (2) $15,750.00 due on November 15, 2022; and (3) $15,750.00 due on December 15, 2022.

(Exhibit 1 ¶¶ 10–12).

24. Salle further attested that "all outstanding principal and interest payments will be made by the maturity date identified by agreement with Mr. Rinehart, December 31, 2022," and that "in the event either Utica or AJS fail to make the payments in the amounts or on the dates identified herein, the total amount of principal and interest due under the Utica Note and the AJS Note shall become immediately due and payable in accordance with the terms of the Utica Default and AJS Default." (Exhibit 1 ¶¶ 13, 16).

25. Salle's affidavit further attested that "[i]n the event either Utica or AJS fail to make payments in the amounts or on the dates identified herein, I hereby acknowledge and agree to pay

all costs and attorney fees incurred by Mr. Rinehart in this matter, including those incurred in any litigation arising out of this matter, without limitation." (Exhibit 1 ¶ 17).

26. On January 6, 2023, Rinehart served on Salle and Utica a second default notice ("Second Utica Default"). (Exhibit 2). In the Second Utica Default, Rinehart advised that "Utica is again in default for failure to make all principal and interest payments by December 31, 2022." (Exhibit 2 at 2). The Second Utica Default served as "a final demand that Utica make payment to Rinehart of all principal and interest owed in the amount of $371,000.00 and all other amounts due and owing by January 16, 2023." (Exhibit 2 at 2).

27. On January 6, 2023, Rinehart also served on Salle and AJS a second default notice ("Second AJS Default"). (Exhibit 3). In the Second AJS Default, Rinehart advised that "AJS is again in default for failure to make al principal and interest payments by December 31, 2022." (Exhibit 3 at 2). The Second AJS Default served as "a final demand that AJS make payment to Rinehart of all principal and interest owed in the amount of $377,000.00 and all other amounts due and owing by January 16, 2023." (Exhibit 3 at 2).

28. As of the date of this filing, Salle has failed to make any payment under either the Utica Note or AJS Note as agreed in the Utica Note, AJS Note, and his November 1, 2022 affidavit.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Foreclosure on Utica Mortgage)

29. The Utica Mortgage is a valid mortgage encumbering the property described in paragraph 15 and in the Utica Mortgage, as admitted by Salle.

30. Utica defaulted under the terms of the Utica Mortgage by failing to pay as required by its terms.

31. Any right, title, or interest Utica may have to the mortgaged property is junior and subordinate to Rinehart's interest.

32. Rinehart has satisfied all conditions precedent to the enforcement of the Utica Mortgage through foreclosure on the mortgaged property.

## SECOND CAUSE OF ACTION
### (Foreclosure on AJS Mortgage)

33. The AJS Mortgage is a valid mortgage encumbering the property described in paragraph 17 and in the AJS Mortgage, as admitted by Salle.

34. AJS defaulted under the terms of the AJS Mortgage by failing to pay as required by its terms.

35. Any right, title, or interest AJS may have to the mortgaged property is junior and subordinate to Rinehart's interest.

36. Rinehart has satisfied all conditions precedent to the enforcement of the AJS Mortgage through foreclosure on the mortgaged property.

## THIRD CAUSE OF ACTION
### (Enforcement of Utica Note against Salle)

37. The Utica Note is a valid promissory note in the amount of $350,000 executed by Salle as manager and personal guarantor of Utica, as admitted and acknowledged in Salle's affidavit.

38. The Utica Note required Utica, and Salle as personal guarantor, to repay the principal sum of the Utica Note with interest by a maturity date of December 31, 2022.

39. As acknowledged in Salle's affidavit, Utica and Salle are in default under the Utica Note and Salle and Utica "do not dispute the amounts due," or that Salle is "personally liable for the amounts identified in the Utica Default." (Exhibit 1 ¶ 8).

40. Rinehart has satisfied all conditions precedent to enforce the Utica Note for the full outstanding sum, having complied with all requirements for enforcing and accelerating payment of the Utica Note under its terms and Iowa law.

### FOURTH CAUSE OF ACTION
### (Enforcement of AJS Note against Salle)

41. The AJS Note is a valid promissory note in the amount of $350,000 executed by Salle as manager and personal guarantor of AJS, as admitted and acknowledged in Salle's affidavit.

42. The AJS Note required AJS, and Salle as personal guarantor, to repay the principal sum of the AJS Note with interest by a maturity date of December 31, 2022.

43. As acknowledged in Salle's affidavit, AJS and Salle are in default under the AJS Note and Salle and AJS "do not dispute the amounts due," or that Salle is "personally liable for the amounts identified in the . . . AJS Default." (Exhibit 1 ¶ 8).

44. Rinehart has satisfied all conditions precedent to enforce the AJS Note for the full outstanding sum, having complied with all requirements for enforcing and accelerating payment of the AJS Note under its terms and Iowa law.

### V. PRAYER FOR RELIEF

45. Rinehart prays the Court enter judgment in his favor granting the following relief:

   45.1. Judgment against the Utica and AJS mortgaged properties for the principal balance due under each note, plus interest, fees, and costs as shown by the proof, along with attorney fees;

   45.2. An order of foreclosure on the Utica Mortgage and the AJS Mortgage and against the mortgaged properties;

   45.3. Issuance of a special execution for the sale of the mortgaged properties to

satisfy the judgment;

45.4. An order that upon sale of the mortgaged properties any right, title, lien, or interest of the defendants in or to the mortgaged properties is forever cut off, barred, and foreclosed, and that the purchaser at said sale take title free and clear of any right, title, lien, or interest of any of the defendants;

45.5. A sealed order issuing a writ of possession directed to the county sheriff commanding the sheriff to put the purchaser(s) or successor(s)-in-interest in possession of the mortgaged properties;

45.6. The appointment of a receiver to collect rents or prevent waste on the mortgaged properties upon Rinehart's motion;

45.7. Judgment against Andrew J. Salle for the full unpaid value of the Utica Note, $371,000, plus interest through the date of judgment;

45.8. Judgment against Andrew J. Salle for the full unpaid value of the AJS Note, $377,000, plus interest through the date of judgment;

45.9. Any other relief the Court deems just and equitable.

Dated the 20th day of January, 2023.

                                          STUART RINEHART, Plaintiff

                                          By: */s/ Dwyer Arce*
                                              Matthew M. Enenbach (AT0012613)
                                              Dwyer Arce (AT0013885)
                                              KUTAK ROCK LLP
                                              The Omaha Building
                                              1650 Farnam Street
                                              Omaha, Nebraska 68102
                                              (402) 346-6000
                                              Matthew.Enenbach@KutakRock.com
                                              Dwyer.Arce@KutakRock.com

                                          *Counsel for Plaintiff*

4881-0445-4727